# Le Maistre and wife *v.* Hunter.

[ APRIL 2, 1851. ]

To sustain an action for malicious prosecution, the plaintiff must establish affirmatively, that the prosecution originated in the malice of the defendant, and was without probable cause.

The presumption is, that every public prosecution is founded on probable cause.

Malice may be inferred from the want of probable cause, but if there is probable cause for the prosecution, it matters not what malice may appear to exist.

But, proof of malice, although not sufficient where there *is* probable cause, contributes its aid, nevertheless, to the evidence of want of probable cause.

The question of probable cause is a mixed question of law and fact; the court determines whether a certain state of facts amounts to probable cause, and the jury decides whether such a state of facts exists.

Probable cause is a reasonable ground for suspicion, supported by circumstances sufficient to warrant a cautious man in believing that the party is guilty of the offence charged; but, if this belief was induced alone by the prosecutor's own gross error, mistake, negligence or management, it will not amount to probable cause.

If the prosecution, though without probable cause, was instituted under an error of judgment, and without malice, the action cannot be sustained. But if want of probable cause is shown by the plaintiff, then the burden of proof of the absence of malice is thrown upon the defendant.

[ Le Maistre *v.* Hunter. ]

A plea of justification put in by the defendant, after knowledge of the plain-tiff's innocence, is of itself evidence of malice.

The abandonment of the prosecution, or the neglect or omission of the de-fendant to make good his charge against the plaintiff, is not, of itself, evi-dence of malice, or of want of probable cause.

The opinion of private counsel cannot amount to proof of probable cause, un-less the facts clearly warrant it, and were correctly and truly stated. Even a conviction, if obtained by false testimony, wholly or chiefly, would be the subject of a malicious prosecution, if the prosecutor had reason to sus-pect its falsity, and had not reason to believe in its truth.

What facts would amount to probable cause.

A husband is answerable *civiliter*, for the acts and defaults of his wife; there-fore, it is no justification, in an action for malicious prosecution, that the defendant's wife untruly stated to him facts sufficient to induce him to believe the plaintiff guilty of the offence charged, and confirmed her state-ment under oath; if *she* knew such statement to be untrue.

The question of probable cause does not turn on the actual guilt or innocence of the accused, or upon the belief of the prosecutor, but upon whether there was reasonable ground to believe him guilty.

THIS was an action on the case for a malicious prosecu-tion. The facts of the case, so far as is necessary for a proper understanding of the questions of law involved, will appear in the charge of the court.

The jury were addressed by *B. Rush* and *D. P. Brown*, for the plaintiffs; and by *Dallas*, (with whom was *Barnes*) for the defendant.

ROGERS, J., charged the jury as follows:—This is an action for a malicious prosecution. The action is founded on a warrant, issued on the oath of the defendant and his wife, in July, 1849. On this warrant, Eliza Le Maistre was arrested, and, after examination before Alderman Davis, and on the oath of the defendant and wife, in default of bail, was fully committed: she remained in prison for up-wards of eighteen hours, when she was discharged from custody. A bill of indictment was preferred against her, but, from default in the appearance of witnesses, or for

[ Le Maistre *v.* Hunter. ]

some other cause not explained, the bill was returned " *ignoramus*," by the grand jury.

If the case rested here, without any additional proof, your verdict would be for the defendants. In that case, there would be such probable cause for the prosecution, (hereafter to be explained) as would be a sufficient justification for the defendants. The presumption is, that every prosecution is founded on probable cause.

This, gentlemen, is an action on the case for a *malicious* prosecution, and the law is, that an action lies against any person who, maliciously and without probable cause, prosecutes another, whereby the party prosecuted sustains an injury in person, property or reputation. To support the action, it is necessary for the plaintiff to establish to your satisfaction two things; first, that the defendant was actuated by malice; and, secondly, that he prosecuted the plaintiff without probable cause. If the plaintiffs have not satisfied the jury that the prosecution of which they complain was instituted without reasonable or probable cause, and also with malice, your verdict must be for the defendant. The burden of proof is thrown upon the plaintiffs. As has been before remarked, the presumption is, that every public prosecution is founded on probable cause.

When a prosecutor proceeds without probable cause, malice may be, and most commonly is, inferred; but when there is probable cause, it matters not what malice may appear to exist. If there be probable cause, no action can be sustained. Proof of malice, although not sufficient where there *is* probable cause, contributes its aid, nevertheless, to the evidence of want of probable cause. On the question of malice, the jury will decide. The question, however, of probable cause, is a mixed question of law and fact. The court determines whether a certain state of facts amounts to probable cause; the jury decides whether such a state of facts exists.

From this statement of the law, (which is clear and un-

questionable) the jury will not fail to observe, that the principal question which you will have to determine is, had the defendant probable cause for the institution of criminal proceedings against the plaintiff's wife. If he had, then there is an end of the plaintiff's case. If he had not, and you should believe he was actuated by malice, which may be inferred, as before observed, from the want of probable cause, then your verdict will be for the plaintiff.

What, then, is meant by probable cause? Probable cause is a reasonable ground of suspicion, supported by circumstances sufficient to warrant a cautious man in believing that the party is guilty of the offence; but if this belief was induced alone by the prosecutor's own gross error, mistake, negligence or management, it will not amount to probable cause. In this part of the case, I will remark to you, that, although if you think the evidence does not establish the existence of probable cause for the prosecution, you may, in the absence of explanatory evidence, presume malice from the want of probable cause, yet, if the evidence has satisfied you, that the prosecution, though instituted without probable cause, was instituted under an error of judgment, and without malice, your verdict should be in favour of the defendant. But, you will recollect, that if a want of probable cause is shown by the plaintiff, then the burden of proof of the absence of malice is thrown upon the defendant. And here let me say to you, that the plea of justification put in by the defendant, after knowledge of her innocence, is of itself evidence of malice. Let me again repeat, that to maintain this suit, the plaintiff must satisfy you of two things; first, the want of probable cause; and, secondly, that the defendant was actuated by malice against the plaintiff's wife. and here, let me remark, that the abandonment of the prosecution, or the neglect or omission of Hunter to make good his charge, is not, of itself, evidence of malice, or of want of probable cause; for, the prosecution may have

[ Le Maistre v. Hunter. ]

been commenced and abandoned (and of this you will judge) from the purest and most laudable motives, and not to gratify private malice.   If, then, you should believe that the conduct of Mrs. Le Maistre, although it might be insufficient to establish the charge against her, was such, as to create in the minds of Mr. and Mrs. Hunter a well-grounded suspicion of her guilt, there was probable cause for the prosecution, and your verdict must be for the defendant.

In conformity to a point put by the counsel for the plaintiff, I instruct you, that the opinion of private counsel of a prosecution, cannot amount to proof of probable cause, nor prevent a recovery, unless the facts clearly warrant it, and are correctly and truly stated.   Even the application to counsel, and the opinion of counsel, in order to be available in the establishment of probable cause, must not be resorted to as a mere cover for the prosecution, but must be the result of an honest and fair purpose; and the statement made at the time, must be fair, and full, and consistent with that purpose.   Even a conviction, if obtained by false testimony, wholly or chiefly, would be the subject of a malicious prosecution, if the prosecutor had reason to suspect its falsity, and had not reason to believe in its truth.

In connexion with the question of probable cause, I have been requested by the defendant's counsel, to instruct you, that the following facts and circumstances would constitute probable cause for the institution of the prosecution by the defendant, viz.—that his wife had a habit of hiding money; that, before the 16th of July, 1849, she was seen in the possession of large sums, in gold coin; that while at Mr. Le Maistre's, she told Mrs. Le Maistre, that she had in a copper kettle, hanging up in a particular part of his premises, which she described, gold coin to the amount of $435 or $445, and asked Mrs. Le Maistre to go for it; that Mrs. Le Maistre went, on two occasions, to the house of defendant, while his wife was at Mrs. Le Maistre's;

[Le Maistre *v.* Hunter.]

that on one of the last of these occasions, she went into the reception room, while the defendant was dressing, in his own apartment; that the reception room opened into dining room, beyond which was the place where the copper kettle hung; that when defendant had dressed himself, and while in the entry or lobby, on his way to the reception room, to see Mrs. Le Maistre, he heard a noise, as of something that had fallen, and on going into the reception room, he met Mrs. Le Maistre, as if coming from the dining room, rubbing herself, and apparently agitated; that after Mrs. Le Maistre had left his house, Mr. Hunter went into the closet or recess, and there saw the copper kettle lying on the floor; that when Mrs. Hunter returned to her own house, she declared, first, to several of her friends, and, afterwards, to her husband, that she had been robbed of the money she had put in the copper kettle; that she had left it there when she went away, and it was gone when she came back; and that she confirmed these positive assertions by her oath, before Alderman Davis; and if the jury believe these facts and circumstances to be established by the evidence, as well by the testimony of Mr. and Mrs. Hunter, before Alderman Davis, as by other testimony; then their verdict must be for the defendant.

This point contains an embodyment of all the facts bearing favourably on the side of the defendant, overlooking those facts which sustain the plaintiff's case. If, however, you should believe, from a consideration of the whole case, those facts and circumstances are established by the evidence, then, the defendant is entitled to an affirmative answer. They would amount to probable cause for the institution of the proceedings against Mrs. Le Maistre, and of course, would be a complete justification of the defendant.

But, the jury will recollect, there are other facts and circumstances in evidence besides those enumerated in the point, which you will be called on to consider. Those facts are not left uncontradicted, and, of course, you will

decide the case on the whole evidence, as well that of the plaintiff, as the defendant.

In determining the question of probable cause, there is one thing the jury will not fail to remember. This is the case of husband and wife. In law, husband and wife are one; he is answerable, *civiliter*, for her acts and defaults. This whole matter originated with the wife, and in this case they cannot be separated. I cannot, therefore instruct you, as requested by the counsel for the defendant, that so far as respects the existence of the money in the copper kettle, if the jury believe that Mrs. Hunter solemnly assured the defendant of that fact, and confirmed that assurance under oath, although it might be untrue, it constitutes probable cause to justify Mr. Hunter in instituting the prosesecution. However we may deplore his hard fate, in having a worthless wife, yet, we cannot relieve him from the unpleasant situation in which she has placed him. If Mrs. Hunter's story was untrue, she must have known it to be so; and, as it would have been without excuse, so it leaves Mr. Hunter without defence.

The first question to which your attention will naturally be pointed is, had Mrs. Hunter a large amount of money to lose? Was this story a fabrication, to suit purposes of her own, or the result of some hallucination of mind arising from her unfortunate habits of intemperance? This is a matter by no means clear. On this point, there is a conflict of testimony, which, of course, you will decide, and on which it is not my intention to intimate any opinion. If, however, you should believe she had not the money to lose, it will be entitled to great weight in the decision of the case. Mr. Hunter must answer for the misdeeds of his partner; as he has enjoyed the benefits of her good qualities, (and, it seems, she had some,) he must bear with whatever patience he may, the consequences of her faults. It is his misfortune to have put confidence in the representations of such a woman as she has been proven to be.

[ Le Maistre *v.* Hunter. ]

If the jury should think that she had the money to lose, then you will consider in what way it was lost. Was it stolen, and by whom—or was it lost from her person, or mislaid, in consequence of her deplorable habit of drunkenness? If the latter, and she knew of it, or had reason to know it, there is but little excuse for the defendant. She either communicated it to her husband, or ought to have done so. And, if so, it will be for you to say, whether there was such reasonable cause of suspicion against Mrs. Le Maistre, as would justify a prudent and cautious person in instituting a criminal prosecution for theft against her.

In this part of the case, it is my duty to remark, that it would be a great discouragement to the public justice of the country, if prosecutors who have a tolerable or reasonable ground of suspicion, were liable to damages whenever they failed in the prosecution. Such actions are not to be encouraged; nor are they altogether to be discouraged, for, no person can be permitted, under colour of law, to gratify his evil passions and malice against his neighbour. Whether Hunter had reasonable grounds to suspect Mrs. Le Maistre of larceny, or used the forms of law as a cloak to hide his malice, or any other evil purpose, will be for you to determine. If you find that Hunter and his wife, or either of them, believed Mrs. Le Maistre to be innocent, it would be such malice and want of probable cause as would warrant a verdict for plaintiffs. You have heard the evidence and the remarks of counsel, and must determine this matter for yourselves.

The jury will inquire whether Hunter and his wife had reason to believe a larceny had been committed by some person. Next, had they reason to believe, and did they believe, that the theft was committed by Mrs. Le Maistre? Did Hunter act precipitately, unadvisedly, rashly, wantonly and wickedly; or did he act prudently and cautiously? If you answer the first two questions affirmatively, and it is

[ Le Maistre *v.* Hunter. ]

for you to determine how they are to be answered, your verdict must be in favour of the defendant. If, however, you should believe that the defendant acted hastily, unadvisedly, rashly, wantonly and wickedly, not with proper prudence and caution, or that they knew her to be innocent, you will find for the plaintiff, and assess such damages as you may think proper.

And here it is my duty to remind you, that the question is not whether Mrs. Le Maistre is guilty or innocent, (it is conceded she is innocent) or whether he believed her to be guilty, but whether there was reasonable ground to believe, and it was believed, that she was guilty. If you find, gentlemen, that the prosecution was instituted without probable cause, and with malice, then it will be your duty to estimate the damages to which the plaintiff may be entitled. This is a question exclusively for the decision of the jury; there is no certain rule to be applied to it; it must depend on the facts and circumstances in evidence.

Damages are of two kinds; first, compensatory; and, secondly, exemplary or vindictive damages. Compensatory are such as remunerate the plaintiff for the injury he has actually sustained, either in his person, or for expenses incurred. Exemplary or vindictive damages, when it is necessary to make the defendant an example, for any great cruelty, excessive malice, &c., or any unusual circumstances attending the case.

Verdict for plaintiff for $75 damages.